# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10474
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Carlos-Ramos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-256-1

_____

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Daniel Carlos-Ramos appeals his sentence for illegally reentering the United States after he was deported, in violation of 8 U.S.C. § 1326. That statute carries a maximum sentence of two years of imprisonment and one year of supervised release. *Id.* § 1326(a); 18 U.S.C. § 3583(b)(3). But because Carlos-Ramos was previously removed after being convicted of multiple non-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

aggravated felonies, he faced a maximum sentence of ten years of imprisonment and three years of supervised release. 8 U.S.C. § 1326(b)(1); 18 U.S.C. § 3583(b)(2). The district court sentenced him to sixteen months of imprisonment followed by three years of supervised release. On appeal, Carlos-Ramos argues that his three-year supervised release sentence violates the Fifth and Sixth Amendments because his sentence was enhanced based on prior felony convictions that were neither alleged in the indictment nor mentioned in his guilty plea.

Carlos-Ramos correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (cleaned up)). The only issue before us is foreclosed by precedent, and "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We therefore GRANT the Government's unopposed motion for summary affirmance, and we DENY AS MOOT its alternative motion for an extension of time to file a merits brief. The judgment of the district court is AFFIRMED.